FILED - USDC - FLMD - ORL
NOV 18 2025 AM11:02

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION**

**SOMMER SHERWOOD and MAHDIABDUL WILKERSON,**

Plaintiffs,

v.

6:25-CV-2203-CEM-NWH

**RAY ADVERTISING LLC (a/k/a RAY'S ADVERTISING INC.)** and **RIPON KUMAR,**

individually and as Managing Officer of Ray Advertising LLC,

Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(47 U.S.C. § 227 et seq.; Fla. Stat. § 501.059)

## I. Parties

1. Plaintiff **Sommer Sherwood** is a natural person residing at 1848 Morgan's Mill Circle, Orlando, Florida 32825.
2. Plaintiff **Mahdiabdul Wilkerson** is a natural person residing at the same address.
3. Defendant **Ray Advertising LLC**, also known as Ray's Advertising Inc., is a California limited liability company located at 1267 Willis Street, Suite 200, Redding, CA 96001, engaged in nationwide telemarketing and lead generation.
4. Defendant **Ripon Kumar** is the founder, managing officer, and controlling individual of Ray Advertising LLC. He directly supervised, authorized, and benefited from the telemarketing practices at issue, and therefore bears personal liability under *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001).
5. Defendants jointly operated a telemarketing enterprise using automated dialing systems and prerecorded voices to solicit consumers for accident claims and insurance leads in exchange for payments from law firms and clients.

## II. Jurisdiction and Venue

6. This Court has federal-question jurisdiction under 47 U.S.C. § 227 and 28 U.S.C. §§ 1331 and 1337.

7. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for related state-law claims.

8. Venue lies in this District because the unlawful calls were received in Orlando, Florida, and Defendants purposefully directed their telemarketing to Florida consumers.

9. Defendants regularly transact and conduct business within Florida through telemarketing campaigns directed at Florida residents, including Plaintiffs. Defendants derived substantial revenue from interstate commerce and have sufficient minimum contacts with Florida to satisfy due process. **Defendants may be served with process at their business address, 1267 Willis Street, Suite 200, Redding, CA 96001, by personal service pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) or, if agreed, by waiver of service pursuant to Rule 4(d).**

10. Defendants regularly transact and conduct business within Florida through telemarketing campaigns directed at Florida residents, including Plaintiffs. Defendants derived substantial revenue from interstate commerce and have sufficient minimum contacts with Florida to satisfy due process. Defendants may be served with process at their business address, 1267 Willis Street,

Suite 200, Redding, CA 96001, **by personal service through a process server pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) and 4(h)(1)(B), or, if agreed, by waiver of service pursuant to Rule 4(d).**

## III. Factual Allegations

9. Plaintiffs' telephone numbers—(336) 901-1506 and (321) 465-4467—have been on the National Do Not Call Registry since before 2023.

10. Plaintiffs never provided prior express written consent for telemarketing, nor did they have any prior business relationship.

11. Defendants jointly designed and executed a campaign under the name "Auto Accident Claim Helpline," using predictive dialers and prerecorded messages to solicit accident-injury leads.

12. Ray Advertising's dialer technology was capable of storing and dialing numbers automatically without human intervention, meeting the definition of an autodialer under *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142 (S.D. Cal. 2019).

13. Each call began with a brief period of silence and a clicking sound before a live agent spoke, consistent with predictive dialing as recognized in *In re Rules and Regulations Implementing the TCPA*, 27 FCC Rcd. 15391 (2012).

14. Agents used identical scripts approved by Kumar, falsely claiming to represent a "helpline" checking whether recipients had been in a recent car accident.

15. When Plaintiffs denied involvement or requested not to be called, Defendants ignored these requests, demonstrating willfulness.

16. Defendants used rotating Florida caller IDs to appear local and evade detection.

17. Defendant Kumar personally reviewed daily call reports and performance metrics showing transfer rates and revenue per call but continued the campaign regardless of consumer complaints.

18. Similar campaigns have been found unlawful in *Cunningham v. Montes*, 378 F. Supp. 3d 741 (W.D. Tex. 2019), where defendants placed automated calls to generate insurance leads, identical in substance to Defendants' conduct here.

19. Defendants received financial compensation for every transferred lead, establishing direct benefit and motive for the violations.

***A. Plaintiff Sommer Sherwood (336-901-1506)***

20. Between May 31 and July 2 2024, Ms. Sherwood received eight (8) unsolicited automated calls from numbers including 802-331-2567 and 205-334-3326.

21. Each call began with a dialer delay and an "Auto Accident Claim Helpline" agent.

22. She was ultimately transferred to a law-firm intake agent (Exhibits A & C).

23. Her repeated Do-Not-Call requests were ignored, as in *Abramson v. Caribbean Cruise Line, Inc.*, 2014 WL 2938626 (W.D. Pa. June 30 2014).

***B. Plaintiff Mahdiabdul Wilkerson (321-465-4467)***

24. Between May 31 and July 2 2024, Mr. Wilkerson received nine (9) unsolicited automated calls from rotating Florida area codes including 321-460-5234 and 321-587-7921.

25. Each used the same "previous car accident" script and cadence.

26. *On July 2 2024, one call transferred him directly to Morgan & Morgan,* whose DocuSign system sent retainer documents within minutes (Exhibits D–F).

27. The immediate data transfer from Defendants' dialer to the law firm's platform mirrors the unlawful handoffs condemned in *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817 (N.D. Ill. 2016).

28. These facts confirm that Defendants personally initiated and profited from the unlawful telemarketing.

## IV. Pattern and Practice of Unlawful Telemarketing

29. Defendants operate a high-volume telemarketing business built on systematic violations of the TCPA and FTSA.

30. Ray Advertising's business model relies entirely on mass automated calls to consumers without consent, selling the resulting "live transfers" to law firms.

31. Kumar personally supervised the scripting, campaign design, and payment processing for each transferred lead.

32. Defendants' system employed spoofing technology, predictive dialers, and prerecorded introductions to conceal their identity.

33. Plaintiffs and other consumers, including those in Exhibits E and F, received identical calls leading to the same intake process, confirming a centralized, ongoing operation.

34. Each call served a single commercial purpose: to generate paid leads for Defendants' clients.

35. In *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019), a seller was held liable for nearly identical DNC violations executed through authorized vendors. Defendants' repetition of the same conduct demonstrates willfulness.
36. Defendants continued dialing despite known regulatory prohibitions, confirming deliberate disregard of the TCPA and FTSA.
37. Courts have repeatedly held such coordinated dialing schemes actionable. See *Cunningham v. Matrix Financial Services, LLC*, 531 F. Supp. 3d 1164 (E.D. Tex. 2021) (lead generator liable for transferring calls).
38. This deliberate and profit-driven conduct constitutes a pattern and practice of knowing violations, warranting treble damages under 47 U.S.C. § 227(b)(3) and Fla. Stat. § 501.059(10).

## V. Logical Bridge Connecting Defendants to the Calls

39. Exhibits A–F provide a continuous, traceable chain linking the calls to Defendants' dialing system, campaign materials, and financial compensation.
40. The "Auto Accident Claim Helpline" script used by agents matches Ray Advertising's template approved by Kumar.

41. The July 2 2024 call resulted in a Morgan & Morgan retainer email within minutes, demonstrating real-time coordination between Defendants' system and the law firm's intake platform.

42. Agents were told to instruct consumers to claim they "called after seeing a Facebook ad," intentionally concealing Defendants' identity—exactly the type of misrepresentation condemned in *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014).

43. Defendants' identical scripting, synchronized transfers, and compensation structure establish that they initiated and controlled the telemarketing activity.

44. Courts recognize direct initiator liability where a company both places and benefits from calls. See *Maryland v. Universal Elections, Inc.*, 787 F. Supp. 2d 408 (D. Md. 2011); *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001).

45. Accordingly, Defendants are directly liable for initiating and benefiting from each unlawful call.

## VI. Counts

### *Count I – Violation of 47 U.S.C. § 227(b)*

*(Unlawful Use of Automatic Telephone Dialing System and/or Prerecorded Voice)*

46. Plaintiffs repeat and reallege all preceding paragraphs.

47. Defendants initiated multiple calls to Plaintiffs' cellular telephones using an autodialer and/or prerecorded voice without consent.

48. Each of the seventeen (17) calls constitutes a knowing and willful violation of 47 U.S.C. § 227(b)(1)(A)(iii).

49. Plaintiffs seek $1,500 per call for willful violations, totaling $25,500 under this Count, plus injunctive relief prohibiting future automated calls.

***Count II – Violation of 47 U.S.C. § 227(c)***

*(National Do Not Call Registry and Internal Policy Requirements)*

50. Plaintiffs repeat and reallege all preceding paragraphs.

51. Plaintiffs' telephone numbers have been on the National Do Not Call Registry since before 2023.

52. Defendants made more than one telephone solicitation to each Plaintiff within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

53. Defendants failed to maintain a written internal Do Not Call policy as required by 47 C.F.R. § 64.1200(d).

54. Plaintiffs seek $1,500 per call for each of the seventeen (17) calls, totaling $25,500 under this Count, and injunctive relief requiring Defendants to implement compliant DNC procedures.

***Count III – Violation of Florida Statute § 501.059***

*(Florida Telemarketing Act)*

55. Plaintiffs repeat and reallege all preceding paragraphs.

56. Defendants made unsolicited automated sales calls to Florida consumers without prior express written consent, in violation of Fla. Stat. § 501.059(8)(a).

57. Each call was a knowing and willful violation, entitling Plaintiffs to $1,500 per call, totaling $25,500 under this Count.

58. Plaintiffs also seek injunctive relief prohibiting Defendants from future FTSA violations.

**VII. Damages and Relief**

59. Plaintiffs received a combined total of seventeen (17) illegal telemarketing calls.

60. Each call violated the TCPA and FTSA concurrently.

61. Plaintiffs seek statutory damages of $1,500 per call under each applicable statute, for a total recovery of $76,500.

62. Defendants' conduct was deliberate, repeated, and knowing, warranting treble damages pursuant to *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101 (11th Cir. 2015).

63. Plaintiffs also seek injunctive relief, costs of suit, and post-judgment interest.

## VIII. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment jointly and severally against Defendants Ray Advertising LLC and Ripon Kumar, and grant the following relief:

a. Award statutory damages of $76,500.00, representing $1,500 per call under each applicable statute;

b. Award treble damages for willful and knowing violations;

c. Issue a permanent injunction prohibiting Defendants from engaging in further telemarketing or autodialed campaigns to Florida consumers;

d. Award costs of suit and post-judgment interest under 28 U.S.C. § 1961; and

e. Grant such other and further relief as this Court deems just and proper.

VIII. Prayer for Relief

[...paragraphs a–e as written...]

LEAVE TO AMEND

Plaintiffs respectfully request leave to amend this Complaint as justice requires pursuant to Federal Rule of Civil Procedure 15(a)(2), including to add additional defendants, factual details, or legal claims as may be revealed through discovery.

**Respectfully submitted,**

/s/ Sommer Sherwood

Sommer Sherwood, Plaintiff

1848 Morgan's Mill Circle

Orlando, FL 32825

Email: sherwoodsommer1@gmail.com

/s/ Mahdiabdul Wilkerson

Mahdiabdul Wilkerson, Plaintiff

1848 Morgan's Mill Circle

Orlando, FL 32825

Email: wilkersonmahdiabdul@gmail.com

**Exhibits**

A – Call Log (Sherwood 336-901-1506)

B – Call Log (Wilkerson 321-465-4467)

C – DocuSign Email (Taffaney Wilkins / Morgan & Morgan Intake)

D – DocuSign Retainer Packet (Morgan & Morgan)

E – Duplicate Confirmation (Samantha Wilson Email Record)

F – Additional Confirmation (Shannon Smith Email Record)

Gmail sommer Sherwood <sherwoodsommer1@gmail.com>

---

# LAWSUIT PENDING FOR TCPA VIOLATIONS

1 message

---

**sommer Sherwood** <sherwoodsommer1@gmail.com> Wed, Oct 29, 2025 at 2:12 PM
To: contact@rayadvertising.com, ap@rayadvertising.com

**Ray Advertising LLC** *(also known as Ray's Advertising Inc.)*
Attn: Registered Agent Ripon Kumar
1267 Willis Street, Suite 200
Redding, CA 96001

---

## Re: Pre-Suit Demand for Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227) and Florida Telemarketing Act (Fla. Stat. § 501.059)

---

### I. Introduction and Purpose of Notice

This letter serves as formal **pre-suit notice** under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the Florida Telemarketing Act ("FTSA"), Fla. Stat. § 501.059.
Plaintiffs **Sommer Sherwood** and **Mahdiabdul Wilkerson** demand that **Ray Advertising LLC** immediately cease unlawful automated telemarketing and remit statutory compensation for the calls detailed below.

Both Plaintiffs' phone numbers are registered on the **National Do Not Call Registry**, and each issued multiple **Do Not Call requests** that were ignored. Despite this, Ray Advertising initiated or caused numerous **automated, prerecorded, and predictive-dialer calls** promoting "Auto Accident Claim Helpline." The calls lacked prior express written consent and constitute willful violations of federal and state law.

---

### II. Factual Background

**A. Plaintiff Sommer Sherwood (336-901-1506)**
*From May 31 through July 2 2024, Ms. Sherwood received* ***eight (8)*** *unauthorized automated calls from numbers* including 802-331-2567, 828-643-8547, 336-914-1306, and 205-334-3326. Each began with a predictive-dialer pause and beep followed by an agent identifying as **"Auto Accident Claim Helpline."** Agents falsely claimed she had been in a previous accident and offered attorney assistance. After questioning, calls were transferred to attorneys for potential representation (Exhibits A & C).

**B. Plaintiff Mahdiabdul Wilkerson (321-465-4467)**
Between May 31 and July 2 2024, Mr. Wilkerson received **nine (9)** unauthorized calls from spoofed Florida area codes (321-460-5234 through 321-587-7921). Each used the identical script about a "previous car accident." The final call on July 2 transferred him directly to **Morgan & Morgan**, triggering DocuSign emails and retainer packets (Exhibits D–F). These records confirm Ray Advertising's direct involvement and benefit from the lead conversion.

---

### III. Applicable Law

- **TCPA § 227(b)(1)(A)(iii)** prohibits calls to cell phones using an automatic dialing system or prerecorded voice without prior express written consent.
- **TCPA § 227(c)** and 47 C.F.R. § 64.1200(d) prohibits telemarketing to numbers on the National DNC Registry and requires an internal DNC policy.
- **Fla. Stat. § 501.059(8)(a)** prohibits automated telephonic sales calls without written consent and limits call frequency.

Each violation is subject to $500 in statutory damages, trebled to $1,500 for willful or knowing misconduct.

---

### III-A. Pattern and Practice of Unlawful Telemarketing

Evidence from Plaintiffs and other recipients (Exhibits E & F) shows that Ray Advertising engaged in a repetitive, coordinated campaign using predictive dialers and recorded messages to solicit accident victims. All calls originated from rotating Florida area codes and used identical scripts, demonstrating a uniform marketing plan. Same-day transfers to Morgan & Morgan (July 2 2024) confirm an organized lead-generation operation. This **pattern and practice** of knowing violations supports treble damages under 47 U.S.C. § 227(b)(3) and Fla. Stat. § 501.059(10).

---

### IV. Logical Bridge Connecting Ray Advertising to the Calls

Exhibits A–F establish a direct, traceable line from the automated calls to Ray Advertising's lead-generation operation. Each call used the same "Auto Accident Claim Helpline" introduction and was followed by a transfer into the Morgan & Morgan DocuSign intake system. Agents instructed Plaintiffs to claim they "called after seeing a Facebook ad," an intentional misrepresentation concealing Ray Advertising's identity and proving willfulness.
These facts form the logical bridge linking Ray Advertising as the direct initiator of the calls. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014).

---

### V. Vicarious Liability (Preserved Alternative Theory)

Should Ray Advertising assert that affiliates or sub-vendors placed the calls, it remains jointly and severally liable under *In re DISH Network*, 28 FCC Rcd. 6574 (2013), and *Aranda v. Caribbean Cruise Line*, 179 F. Supp. 3d 817 (N.D. Ill. 2016). The FCC imposes liability where a seller benefits from or authorizes its telemarketers' conduct.

---

### VI. Calculation of Damages

| Type of Violation | Statutory Basis | Calls | Per-Call Rate | Total |
|---|---|---|---|---|
| Automated Calls – Sherwood | TCPA §227(b) & FTSA | 8 | $1,500 | $12,000 |
| Automated Calls – Wilkerson | TCPA §227(b) & FTSA | 9 | $1,500 | $13,500 |
| National DNC Violations | TCPA §227(c) | 17 | $1,500 | $25,500 |
| **Aggregate Exposure** | | | | **$51,000 – $76,500 Potential** |

To resolve this matter pre-litigation, Plaintiffs offer a good-faith settlement of **$25,500**, representing a fraction of Ray Advertising's total statutory exposure. See *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259 (11th Cir. 2019).

---

### VII. Preservation of Evidence

You are hereby notified to preserve all call logs, dialer records, lead lists, scripts, recordings, affiliate contracts, and communications relating to the calls and transfers described herein. Deletion or alteration of this data after receipt of this notice may constitute spoliation of evidence subject to court sanctions.

---

### VIII. Opportunity to Resolve Without Litigation

Plaintiffs remain willing to resolve this matter informally to avoid further litigation and expense. Failure to respond within **seven (7) calendar days** of receipt will be deemed a refusal to engage in good-faith settlement discussions, and a civil action will be filed in the U.S. District Court for the Middle District of Florida.

Please direct written correspondence to the address above and send payment by cashier's check or money order payable to ***Sommer Sherwood and Mahdiabdul Wilkerson***.

---

**Respectfully,**

**Sommer Sherwood**
1848 Morgan's Mill Circle
Orlando, FL 32825

**Mahdiabdul Wilkerson**
1848 Morgan's Mill Circle
Orlando, FL 32825

---

**6 attachments**

**Review and sign document(s) | DocuSign.pdf**
93K

**Morgan&Morgan -2-https:na2.docusign.net:Signing:EnvelopePDF.pdf**
2737K

**1506 Gmail - National Do Not Call Registry - Your Registration Is Confirmed.pdf**
61K

**4467 -Gmail - National Do Not Call Registry - Your Registration Is Confirmed.pdf**
52K

**Ray Advertising Search _ California Secretary of State.pdf**
1081K

**complaint Ray's advertising.pdf**
126K

Please review the documents below. FINISH OTHER ACTIONS

DocuSign Envelope ID: 47821488-3B09-4FAE-AACE-8CF36F5DE327

START

MORGAN & MORGAN

Thank you for choosing Morgan & Morgan.

You want a law firm with over 30 years of experience dealing with insurance companies resources needed to fight for you. Our law firm has helped thousands of individuals anc billions of dollars. We are excited to get started investigating your potential claim.

NEXT STEPS

1. Please read and sign where all signature fields are located. These documents will allo and case staff to start investigating your case immediately.

AFTER YOU SIGN

Our lawyers and case staff will receive your file and start investigating your potential ca

1. Expect a call from our case staff within 24 business hours. If for some reason we are you within two business days of you completing these documents, please contact us at

2. You should collect any records related to your case. This could be insurance informat records, photographs and video or anything else that may be important.

Sincerely,

Powered by docusign

Change Language - English (US) | Terms Of Use & Privacy |

Copyright © 2024 DocuSign Inc.| V2R

DocuSign

## Certificate Of Completion

Envelope Id: 478214883B094FAEAACE8CF36F5DE327 — Status: Delivered

*Subject: Shannon Smith, Your Lawyer Is Ready To Investigate Your Claim - Click To Get Started*

Source Envelope:

| | | |
|---|---|---|
| Document Pages: 24 | Signatures: 0 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Shealynn Jabs |
| AutoNav: Enabled | | 20 North Orange Avenue |
| EnvelopeId Stamping: Enabled | | Suite 1600 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | Orlando, FL 32801 |
| | | sjabs@forthepeople.com |
| | | IP Address: 44.229.102.225 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>7/2/2024 11:11:43 AM | Holder: Shealynn Jabs<br>sjabs@forthepeople.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Shannon Smith<br>globalenterprise015@gmail.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | Sent: 7/2/2024 11:11:49 AM<br>Viewed: 7/2/2024 11:13:23 AM |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 7/2/2024 11:11:49 AM |
| Certified Delivered | Security Checked | 7/2/2024 11:13:23 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

MORGAN & MORGAN

**QUESTIONS OR CONCERNS**

Date of Sign-up: __________

Thank you for contacting the law firm of Morgan & Morgan. Should you have any questions or concerns regarding your potential case prior to your attorney initially contacting you, please feel free to contact us via e-mail by logging onto our website at: *www.forthepeople.com*.

Once your case has been assigned to an attorney and support staff, you will be able to e-mail or call them directly. In the mean time, please feel free to contact us 24 hours a day with any questions or concerns with the above listed contact information.

MORGAN & MORGAN

## THE MORGAN & MORGAN INTERNET/SOCIAL MEDIA GUIDELINES

The insurance company and defense attorneys pay close attention to social media *including Facebook*, *Instagram*, *Twitter*, *Snapchat*, *YouTube and other social media* channels. They may use information they find there against you in your case. Even if you don't think it can be found, or that it won't jeopardize your case, you must not post anything about your accident or physical condition. Doing so may negatively impact your case and may affect our ability to represent you.

- DO NOT post anything on any social media about your accident, or your condition. This includes posting comments such as "I'm doing fine".

- DO NOT post any pictures of yourself on any social media site until the conclusion *of your case*

The above guidelines have been explained to me. I understand and will comply with them while Morgan & Morgan is representing me.

______________________________ ______________________________
Client Date

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506-T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of nonfiling, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service<br>RAIVS Team<br>Stop 6716 AUSC<br>Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service<br>RAIVS Team<br>Stop 37106<br>Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service<br>RAIVS Team<br>Stop 6705 P-6<br>Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service<br>RAIVS Team<br>P.O. Box 9941<br>Mail Stop 6734<br>Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service<br>RAIVS Team<br>P.O. Box 145500<br>Stop 2800 F<br>Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

**CAUTION** *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

***Individuals.*** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

***Corporations.*** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

***Partnerships.*** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

***All others.*** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

*Routine uses of this information include giving it to* the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
*Tax Forms and Publications Division*
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

Form **4506**

(Rev. September 2015)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ **Do not sign this form unless all applicable lines have been completed.**
▶ ***Request may be rejected if the form is incomplete or illegible.***
▶ **For more information about Form 4506, visit *www.irs.gov/form4506*.**

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)** |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b Second social security number or individual taxpayer identification number if joint tax return** |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ ____________

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

____________ ____________ ____________ ____________

____________ ____________ ____________ ____________

**8** **Fee.** There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | | |
|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . | $ 50.00 |
| **b** | Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . . | |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . | $ |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** For tax returns being sent to a third party, this form must be received within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ **Signature** (see instructions) Date

▶ **Title** (if line 1a above is a corporation, partnership, estate, or trust)

▶ **Spouse's signature** Date

MORGAN & MORGAN

## AFFIDAVIT FOR INSPECTION OF VEHICLE

I, Shannon Smith, hereby authorize Morgan & Morgan permission to view, *inspect my vehicle in connection with the traffic crash in which my* automobile was involved on 2024-04-15. This affidavit shall also authorize Morgan & Morgan to have my vehicle examined by an accident reconstruction expert of their choice. It shall also authorize them to have my vehicle held in its' present condition until the above tasks can be completed.

FURTHER, AFFIANT SAYETH NAUGHT

________________________________

STATE OF ____________________
COUNTY OF __________________

**I HEREBY CERTIFY** that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared __________________________, who is personally known to me or who has produced __________________ as identification and who did take an oath.

**WITNESS** my hand and official seal in the County and State aforesaid this day of _________, ______.

(NOTARIAL SEAL)

______________________________

Name: ________________________
(Type or print)
Notary Public
My commission expires:

# WAGE AND SALARY VERIFICATION

| Current Date | Our Policyholder | Date of Accident | Claim Number | Policy Number |
|---|---|---|---|---|
| | | | | |

NOTICE - Section 817.324, Florida Statutes, provides in part: "Any person who knowingly and with intent to injure, defraud or deceive any insurance company files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree."

EMPLOYEE'S NAME

EMPLOYEE'S ADDRESS

Gentlemen:

The above named person has applied for benefits under the "No-Fault" Insurance as a result of injuries in an automobile accident on the date indicated. We understand this person is your employee or former employee. To determine benefits that may be due the applicant, this law requires you to provide us with the answers to the following seven questions, and to return this form properly.

Thank you for your cooperation.

TO: CLAIMS DEPARTMENT

1. DATES OF EMPLOYMENT
FROM: THROUGH:

2. DATES ABSENT FOLLOWING ACCIDENT:
FROM: THROUGH:

3. WAS EMPLOYEE PAID DURING THIS ABSENCE:
YES NO IF "YES" AMOUNT PAID:

4. IS EMPLOYEE ENTITLED TO BENEFITS UNDER WAGE OR SALARY CONTINUATION PLAN? YES NO

5. NAME OF WORKMEN'S COMPENSATION INSURER

6. HAS OR WILL A CLAIM BE FILLED UNDER ANY WORKMEN'S COMPENSATION LAW FOR THIS ACCIDENT? YES NO

7. SCHEDULE OF WEEKLY EARNINGS - FOR 13 WEEKS PRIOR TO DATE OF ACCIDENT

| Week No. | Week | | No. of Days Worked | Amount Earned Including Overtime or Extra Work | Gratuities | | | | Gross Earnings |
|---|---|---|---|---|---|---|---|---|---|
| | From Date | To Date | | | Meals | Board | Tips | All Other | |
| 1 | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| *TOTAL* | | | | | | | | | |

| EMPLOYER | DATE | SIGNED | TITLE |
|---|---|---|---|
| | | | |

MORGAN & MORGAN

# PIP LAW DISCLOSURE

Personal Injury Benefits (PIP) are benefits from your own insurance policy that may be available for medical bills and wage loss. If you were involved in an accident after January 1, 2013, you MUST obtain initial services and care from a hospital, emergency transport, M.D., D.O., D.C. or D.D.S. within 14 days of the accident. If you don't, PIP will NOT pay and you will lose important benefits.

PIP will pay a maximum of $2,500 for medical benefits. PIP may pay up to $10,000 in medical benefits ONLY if you have an ''Emergency Medical Condition.''

What is an ''Emergency Medical Condition?'' - An ''Emergency Medical Condition'' is defined as a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

(a) Serious jeopardy to patient health.
(b) Serious impairment of bodily functions.
(c) *Serious dysfunction of any bodily organ or part.*

A chiropractic physician cannot make the determination a patient has an ''emergency medical condition.''

PIP will only pay for treatments consistent with your initial diagnosis. That's why you MUST tell the doctor of every symptom, complaint of pain, discomfort or unusual sensation, no matter how small or minor, you feel the accident caused. Small or minor pains may progress over time and it is important to document ALL complaints in your initial visit. Typical areas of pain are neck, back, knees, shoulders, jaw, headaches & radiating pain from any of those areas, but every case is different.

PIP will not pay for massage therapy or acupuncture.

______________________ ______________________________

DATE CLIENT

______________________ ______________________________

DATE CLIENT

MORGAN & MORGAN

**AUTHORITY TO REPRESENT**
**FOR NO-FAULT BENEFITS**

I, the undersigned client, hereby retain MORGAN & MORGAN, P.A. as my attorneys to represent me in my claim for no-fault benefits resulting from non-payment or late payment of no-fault benefits.

I agree that if there is a recovery and the court awards fees pursuant to any state or federal statute, my attorneys will be entitled to the awarded statutory fees. I also agree to reimburse the attorneys for any costs they have incurred in representing me in this claim to the extent that the court awards those costs. It is my understanding that these court awarded fees and costs will be paid by the non-prevailing defendant in this claim. If the claim is settled, I agree to pay the negotiated fees and costs to my attorneys.

I understand that this is a contingent fee contract and, if no recovery is made, I will not be obligated to pay attorneys' fees. Also, if there is no recovery, I will not be obligated to reimburse the attorneys for any costs incurred in representing me in this claim.

I agree that upon written notice, MORGAN & MORGAN, P.A. may terminate their representation under the terms of this agreement. I understand that this contract may be canceled by written notification to the attorney at any time within three (3) business days of the date the contract is signed, as shown below, and if canceled, I shall not be obligated to pay any fees to the attorneys for the work performed during that time. If the attorneys have advanced funds to others in their representation of me, the attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on my behalf.

The above employment is hereby accepted upon the terms and conditions stated herein.

DATED: ______________________________

______________________ CLIENT

______________________ MORGAN & MORGAN, P.A.

MORGAN & MORGAN

## DISCLOSURE AND CONSENT

In the course of representation by MORGAN & MORGAN it may be necessary to retain service providers to perform services that are necessary and/or beneficial to your case. These services include, but are not limited to, investigation services to conduct independent investigations, medical records retrieval, police report retrieval, accident report retrieval, communication services, transcription services, optical character recognition (OCR) services, and trial support services. MORGAN & MORGAN employs trained employees and investigators to perform the above services and to conduct investigations when necessary, at the direction of MORGAN & MORGAN. You have the right to direct your attorneys to retain an outside vendor or investigation service if you desire. Unless you direct otherwise, in writing, your attorneys will utilize MORGAN AND MORGAN investigators and employees to perform such services and to conduct such investigations as your attorneys may deem necessary.

The shareholders of MORGAN & MORGAN have established a cost schedule (available to you upon request) which is competitive with the charges of outside vendors in the market of the services listed above. MORGAN & MORGAN believes that it will be in your best interest to utilize in-house staff and investigators for certain services determined by your attorneys. The benefits of doing so include quality of service, control of the service, timeliness of provision of such services, and cost containment. In order to utilize its in-house services in your representation, MORGAN & MORGAN makes this disclosure that you will be charged for investigative services as a cost item and that the amount charged may exceed MORGAN & MORGAN's actual cost of providing the service.

The undersigned client(s) have read the above disclosure, have been given the opportunity to ask questions and to consult with independent counsel regarding the use of MORGAN & MORGAN staff or third-party vendors as well as to provide investigative and other services in your case, and hereby consents to utilization of in-house staff and investigators from MORGAN & MORGAN for such services as the attorneys may direct.

____________________ ____________________

DATE CLIENT

# PROOF OF REPRESENTATION

The language below should be used when you, the Medicare beneficiary, want to inform the Centers for Medicare & Medicaid Services (CMS) that you have given another individual the authority to represent you and act on your behalf with respect to your claim for liability insurance, no-fault insurance, or worker's compensation, including releasing identifiable health information or resolving any potential recovery claim that Medicare may have if there is a settlement, judgment, award, or other payment. You are not required to use this model language, but proof of representation must include the information provided in this model language. Your representative must also sign that he/she has agreed to represent you. This model language also makes provisions for the information your representative must provide.

**Type of Medicare Beneficiary Representative:** (Check one below and print the print the requested information)

( ) Individual other than an Attorney:

( ) Attorney*

( ) Guardian*

( ) Conservator*

( ) Power of Attorney*

Name: ______________________

Relationship to the Medicare Beneficiary: _______________

Firm or Company Name: ____________________________

Address: _________________________________________

__________________________________________________

__________________________________________________

Telephone: ________________________________________

Note* - If you have an attorney, your attorney may be able to use his/her retainer agreement instead of this language. (If the beneficiary is incapacitated, his/her guardian, conservator, power of attorney, etc. will need to submit documentation other than this model language.) Please visit www.msprc.info for further instructions.

**Medicare Beneficiary Information and Signature/Date:**

Beneficiary's Name (please print exactly as shown on your Medicare Card): ______________________________________

Beneficiary's Health Insurance Claim Number (number on your Medicare Card): ___________________________________

Date of Illness/Injury for which the beneficiary has filed a liability insurance, no-fault insurance or workers' compensation Claim: ______________________

Beneficiary Signature: ______________________________________ Date Signed: ________________________

**Representative Signature/Date:**

Representative's Signature: __________________________________ Date Signed: ________________________

**INSTRUCTIONS FOR THE USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION**

1. Complete the front of the form and return it to Florida Medicaid TPL Recovery Program, Post Office Box 12188, Tallahassee, Florida 32317-2188, Phone (toll-free) (877) 357-3268 or Fax (844) 845-8352.

2. If the signer is a guardian, has a power of attorney or is an authorized representative, documentation of the representative's authority to act on the individual's behalf must be attached. If an agency has custody of a child and a representative signs the release, include a copy of the custody order.

3. Special kinds of health information have specific laws and rules that have to be followed before that information can be disclosed.

**HIV and Sexually Transmitted Diseases (STD):** All information about HIV and sexually transmitted diseases is protected under federal and state laws and cannot be disclosed without your written authorization unless otherwise provided in the regulations. To release HIV or STD information, this authorization must include a statement in the Information You Want Disclosed section of the specific HIV or STD information that you are giving permission to release. Re-disclosure of HIV information is not allowed, except in compliance with law or with your written permission. **To NOT INCLUDE this information, initial here _____**

**Alcohol and Drug Treatment:** Alcohol and/or drug treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise provided for in federal and state laws or regulations. To release alcohol and drug treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan." Re-disclosure of you alcohol and/or drug treatment records is not allowed, except in compliance with law or with your written permission. **To NOT INCLUDE this information, initial here _____**

**Mental Health Treatment:** Mental health treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise allowed in federal and state laws or regulations. To release mental health treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan." Also, disclosure of your therapist's own notes (psychotherapy notes) needs separate permission. Re-disclosure of your mental health treatment records is prohibited, except in compliance with law or with your written permission. **To NOT INCLUDE this information, initial here _____**

4. You will be provided with a copy of this form.

**REVOCATION SECTION**

To revoke your authorization, complete the following section and return the form to the Florida Medicaid TPL Recovery Program at the address given above. (Use of this form to revoke your authorization is optional; however, you must submit your revocation request in writing.)

I no longer want my information shared.

Name______________________________ Date of Birth______________

Street Address______________________________

City______________ State______________ Zip______________

If applicable, your Medicaid ID number______________________________

Signature______________________________ Date______________

OR

Signature of Authorized Representative______________________________ Date______________

Relationship of Authorized Representative______________________________

(Revised March 2019)

RON DESANTIS
GOVERNOR

JASON WEIDA
SECRETARY

## Authorization for the Use and Disclosure of Protected Health Information

**Federal law states that we cannot share an individual's health information without the individual's permission, except in certain situations. By signing this form, you are giving us permission to share the information you indicate below. If you decide later that you do not want us to share this information any more, you can revoke this authorization at any time in writing or sign the REVOCATION SECTION on the back of this form and return it to the Florida Medicaid TPL Recovery Program. This form must be completed and signed by the Medicaid recipient or by an individual who has the authority to act on the Medicaid recipient's behalf (parent of a minor, legal guardian, trustee, power of attorney, personal *representative of the estate, grantor of an annuity*).**

PLEASE COMPLETE THE FOLLOWING SECTIONS

1. **Personal Information:**

Medicaid Recipient's Name________________________________ Date of Birth____________________

Medicaid ID Number________________________________ Social Security Number____________________

2. **I give permission to the Agency for Health Care Administration (AHCA) and its contract representatives to share the health information listed below with the following:**

Name of the Law Firm or Law Office________________________________
Name of the Insurance Company________________________________
Other________________________________

3. **Indicate the purpose for which the disclosure is to be made:**

____To substantiate Medicaid's lien relating to a lawsuit
____To substantiate Medicaid's claim against the estate or against a trust account or annuity
____Other ________________________________

4. **Indicate the information that you want to be disclosed, related to the following (check one):**

____The Medicaid lien *relating to the injury or negligence* charges, for the period beginning with the date of incident.
____Medicaid's claim against the *estate*.
____The amount that is due Medicaid from the *trust account*, *[Please send a copy of the trust agreement]*.
____The amount that is due Medicaid from the *annuity account*, *[Please send a copy of the annuity agreement]*.
____Other, *[Please be specific]*. ________________________________

5. **Enter the specific date that you want this authorization to expire: (i.e., one year from date of release)**____________________
(If you do not enter a date, this authorization will expire in five years.)

I understand that the information described above may be redisclosed by the person or group that I hereby give AHCA and its contract representatives permission to share my information with, and that my information would no longer be protected by the federal privacy regulations. Therefore, I release AHCA, its workforce members, and its contract representatives from all liability arising from the disclosure of my health information pursuant to this agreement. I understand that I may inspect or request copies of any information disclosed by this authorization if AHCA or its contract representatives initiated this request for disclosure. I understand that I may revoke this authorization by notifying AHCA through its contractor representatives, in writing, knowing that previously disclosed information would not be subject to my revocation request. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, payment or eligibility for benefits.

6. **Recipient Signature**____________________ **Print Name**____________________ **Date**____________

**OR**

**Name of Legal Representative (Print)**____________________ **Relationship**____________________

**Signature of Legal Representative ***____________________ **Date**____________________

* *If you are not the individual, but represent the individual, please attach a copy of the legal document that verifies that you are a representative* (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

All medical information of any nature whatsoever, from any source whatsoever, which is maintained by you in your records regarding the referenced patient and which is requested by my attorneys. If you are a physician or out-patient clinic, you are authorized to send your entire chart upon their request, including not only the records dictated or written up by you, but also insurance records, handwritten notes, telephone memoranda, outside records, correspondence, or any other tangible item maintained in my chart.

If you are a hospital, you are authorized to release my complete records including x-rays or similar studies, office notes, face sheets, discharge summaries, history and physical, consultation notes, intra-operative records, anesthesia records, operative reports, recovery room, pathology reports, medication administration records, EKG reports, EKG strips, EEG reports, EEG strips, therapy notes, orders, progress notes, laboratory results, nurses notes, vital sign sheets, intake/output records, reports of all x-rays, mammograms, CT scans, MRIs or PET scans, emergency room records, transfer records, operative reports, anesthesia records, admitting summary, discharge summary, discharge instructions, personal property list, in-patient records, out-patient records, clinic records, correspondence, photographs, videotapes, telephone messages, computer generated information, medical bills, pharmacy and drug records, health insurance forms, insurance claim forms, insurance payment forms, Medicaid or Medicare records, concerning any medical treatment that I have received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, psychiatric, chemical dependency or HIV. A photo static copy of this authorization shall be as valid as the original.

**In accordance with the provisions of 45 CFR §164.524(c)(3)(ii), I specifically request that copies of my medical records be transmitted to my attorney identified in paragraph 3 above, as my designee, and mailed to the address shown in that paragraph, and that the <u>RECORDS BE PROVIDED IN ELECTRONIC FORMAT (PDF format on CD media), as required by 45 CFR §164.524(c)(2)(ii).</u>**

.

**<u>REQUIRED DISCLOSURES - 45 CFR 164.508(c)</u>**

A. This protected health information is to be used for the following purpose: A civil legal claim or proceeding.

B. This authorization may be revoked by a signed and properly dated written revocation, delivered to the healthcare provider named above, provided that this release cannot be revoked as to protected health information that had been previously released in reliance on this document.

C. The undersigned acknowledges that a refusal to sign this form will not result in a denial of healthcare by the hospital or any other healthcare provider and that this release has not been coerced by a healthcare entity or any of its business associates.

D. The undersigned acknowledges that once the PHI is disclosed, it may be re-disclosed to individuals or organizations that are not subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies, and even may become public record if filed with a court of law.

E. This authorization will be effective for the entire duration of the legal matters related to the accident which involved the patient and occurred on ______________________ (month/day/year), unless earlier revoked in writing.

______________________
Patient's Signature

______________________
Signature of Authorized Representative (Parent, Legal Guardian or Personal Representative)

______________________
Patient's Name

______________________
Witness

______________________
Patient's Date of Birth

______________________
Dated

______________________
Patient's Social Security Number

*Note: a Copy of this Authorization Shall Be Treated as an Original*

# MORGAN & MORGAN

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION (PHI) UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA)

** ***Records Requested in Electronic Format per 45 CFR 164.524(c)(2)(ii)***

1. The undersigned patient, named below, hereby executes this authorization in compliance with the Federal Health Insurance Portability and Accountability Act, HIPAA, 45 CFR 164.104, 45 CFR 164.508 and 45 CFR 164.524.

2. This authorization is directed to the following healthcare service provider (including its agents, employees and associates):

______________________________________________

______________________________________________

______________________________________________

3. The above-named healthcare service provider is requested to release the protected health information (PHI) that is described below, to the patient's attorney:

Morgan & Morgan
______________________________________________
______________________________________________
______________________________________________
Attn: ________________________________________

4. The records include, but are not limited to, the following items:

** ***Records Requested in Electronic Format per 45 CFR 164.524(c)(2)(ii)***

5. The protected health information released herein is specifically as follows:

*Note: a Copy of this Authorization Shall Be Treated as an Original*

**** *Records Requested in Electronic Format per 45 CFR 164.524(c)(2)(ii)***

The records include, but are not limited to, the following items:

____ Most Recent History and Physical ____ All From _______ to _______
____ Most Recent Discharge Summary ____ All From _______ to _______
____ Initial Patient Paperwork/Questionnaires ____ All From _______ to _______
____ Office Notes and Reports ____ All From _______ to _______
____ Physical Therapy Records and Notes ____ All From _______ to _______
____ Laboratory Reports and Results ____ All
____ X-ray and Imaging Reports ____ All
____ Consultation Reports from any other Physicians ____ All
____ Entire Record and/or Chart
____ Final Narrative Reports & Impairment Ratings
____ Itemized Bill for Services Rendered ____ Total Charges ______ Balance
____ Medicare/Medicaid, ERISA, group health, medical, worker's compensation, etc., insurance and or collateral source benefits providers' records (i.e., medical records, medical reports, insurance and submission claim forms, payout records, benefits and policy information, subrogation language, claims of lien, etc.)
____ Other ______________________________________________

****Always include patient intake forms and any documents related to the billing and payment for* services.

**REQUIRED DISCLOSURES - 45 CFR 164.508(c)**

A. This protected health information is to be used for the following purpose: A civil legal claim or proceeding.

B. This authorization may be revoked by a signed and properly dated written revocation, delivered to the healthcare provider named above, provided that this release cannot be revoked as to protected health information that had been previously released in reliance on this document.

C. The undersigned acknowledges that a refusal to sign this form will not result in a denial of healthcare by the hospital or any other healthcare provider and that this release has not been coerced by a healthcare entity or any of its business associates.

D. The undersigned acknowledges that once the PHI is disclosed, it may be re-disclosed to individuals or organizations that are not subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies, and even may become public record if filed with a court of law.

E. This authorization will be effective for the entire duration of the legal matters related to the accident which involved the patient and occurred on ____________________ (month/day/year), unless earlier revoked in writing.

______________________________
Patient's Signature

______________________________
Signature of Authorized Representative (Parent, Legal Guardian or Personal Representative)

______________________________
Patient's Name

______________________________
Witness

______________________________
Patient's Date of Birth

______________________________
Dated

______________________________
Patient's Social Security Number

*Note: a Copy of this Authorization Shall Be Treated as an Original*

# MORGAN & MORGAN

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION (PHI) UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA)

** ***Records Requested in Electronic Format per 45 CFR 164.524(c)(2)(ii)***

1. The undersigned patient, named below, hereby executes this authorization in compliance with the Federal Health Insurance Portability and Accountability Act, HIPAA, 45 CFR 164.104, 45 CFR 164.508 and 45 CFR 164.524.

2. This authorization is directed to the following healthcare service provider (including its agents, employees and associates):

________________________________________

________________________________________

________________________________________

3. The above-named healthcare service provider is requested to release the protected health information (PHI) that is described below, to the patient's attorney:

Morgan & Morgan
20 North Orange Avenue, Suite 1600
*Post Office Box 4979*
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Attn: ____________________________________

4. The protected health information released herein is specifically as follows:

All medical information of any nature whatsoever, from any source whatsoever, which is maintained by you in your records regarding the referenced patient and which is requested by my attorneys. If you are a physician or out-patient clinic, you are authorized to send your entire chart upon their request, including not only the records dictated or written up by you, but also insurance records, handwritten notes, telephone memoranda, outside records, correspondence, or any other tangible item maintained in my chart.

If you are a hospital, you are authorized to release my complete records including x-rays or similar studies, office notes, face sheets, discharge summaries, history and physical, consultation notes, intra-operative records, anesthesia records, operative reports, recovery room, pathology reports, medication administration records, EKG reports, EKG strips, EEG reports, EEG strips, therapy notes, orders, progress notes, laboratory results, nurses notes, vital sign sheets, intake/output records, reports of all x-rays, mammograms, CT scans, MRIs or PET scans, emergency room records, transfer records, operative reports, anesthesia records, admitting summary, discharge summary, discharge instructions, personal property list, in-patient records, out-patient records, clinic records, correspondence, photographs, videotapes, telephone messages, computer generated information, medical bills, pharmacy and drug records, health insurance forms, insurance claim forms, insurance payment forms, Medicaid or Medicare records, concerning any medical treatment that I have received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, psychiatric, chemical dependency or HIV. A photo static copy of this authorization shall be as valid as the original.

**In accordance with the provisions of 45 CFR §164.524(c)(3)(ii), I specifically request that copies of my medical records be transmitted to my attorney identified in paragraph 3 above, as my designee, and mailed to the address shown in that paragraph, and that the RECORDS BE PROVIDED IN ELECTRONIC FORMAT (PDF format on CD media), as required by 45 CFR §164.524(c)(2)(ii).**

*Note: a Copy of this Authorization Shall Be Treated as an Original*

remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

| | |
|---|---|
| ________________ | ________________________ |
| DATE | CLIENT |
| ________________ | ________________________ |
| DATE | MORGAN & MORGAN |

MORGAN & MORGAN

## STATEMENT OF CLIENT'S RIGHTS FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it

MORGAN & MORGAN

**ASSOCIATING ATTORNEY AGREEMENT**

I understand and consent to MORGAN & MORGAN, P.A. associating in this matter with D'Agostino and Associates, PC , *and that in the event of such* association, of the applicable fees in this agreement,

75 % would be paid to MORGAN & MORGAN, P.A. and 25 % to the associating attorney.

I understand that in no event, however, shall I incur any additional legal fees or charges by virtue of said employment of co-counsel. Co-counsel shall assume the same legal responsibilities to me for the performance of legal services as MORGAN & MORGAN, P.A. and will be available for consultation with me.

The above agreement is hereby accepted upon the terms and conditions stated herein.

DATE: ______________________________

______________________________ CLIENT

______________________________ MORGAN & MORGAN, P.A.

______________________________ ASSOCIATING ATTORNEY

termination of this agreement.

I understand that by agreeing to arbitration as a mechanism to resolve all potential controversies, disputes, or claims between us, I am waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. I understand that in the context of arbitration, a case is decided by an arbitrator (one or more), not by a judge or a jury. I agree that, in the event of such controversy, dispute, or claim between us, the prevailing party will be entitled to recover from the losing party all costs and expenses he, she, or it incurs in bringing and prosecuting, or defending, the arbitration, including reasonable attorneys' fees and costs.

I have been advised to review this contract carefully to be certain that it accurately sets forth our agreement. In the event that I do not understand anything in this agreement, I will let the Firm know so further written explanations can be provided.

**<u>NOTICE FROM FIRM</u>: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

I understand that this contract may be canceled by written notification to the attorney at any time within three (3) business days of the date the contract is signed, as shown below, and if canceled, I shall not be obligated to pay any fees to the attorneys for the work performed during that time. If the attorneys have advanced funds to others in their representation of me, the attorneys are *entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client.* If I discharge my attorneys for any reason after the initial three (3) days, I agree that my attorneys shall be entitled to a reasonable fee in accordance with applicable law.

If any term of this agreement is to any extent invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms shall remain in full force and effect and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

The above engagement is hereby accepted upon the terms and conditions stated herein.

DATE: ______________________________

______________________________ CLIENT

______________________________ MORGAN & MORGAN, P.A.

client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

I understand and agree that the Firm may contact me at any phone number (including mobile, cellular/wireless, or similar devices) or email address I provide at any time, for any lawful purpose. I agree to keep the Firm informed of any changes to my contact information. The ways in which the Firm may contact me include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses I provide include those I give to the Firm, those from which I contact the Firm or which the Firm obtains through other means. I also understand and agree that the Firm may monitor/and or record any of my phone conversations with the Firm's representatives.

I provide my consent for the Firm and its attorneys to publish the results of my case including, without limitation, trial verdicts, arbitration awards, settlement amounts (without disclosing the names of the parties where confidential), and/or fee awards in advertisements and other media.

By executing this fee agreement I agree that, with one exception, any and all disputes between me and the Firm arising out of this agreement, the Firm's relationship with me or the Firm's performance of any past, current or future legal services, whether those services are subject of this particular agreement or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association in Orlando, Orange County, Florida. The disputes subject to binding arbitration will include without limitation, disputes regarding attorneys' fees or costs, and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute, and any disputes regarding the arbitrability of any claim. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on me and the Firm and may be specifically enforced by legal proceedings. Arbitration will be the sole means of resolving such disputes, and both parties waive their rights to resolve disputes by court proceedings or any other means. The parties have agreed that judgment may be entered on the award of any court of competent jurisdiction in the state of Florida and, therefore, any award rendered shall be binding.

The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. The one exception to my agreement to arbitrate concerns ethical grievances which I may have. The details, existence and outcome of any arbitration and any information obtained in connection with any arbitration (including any discovery taken in connection with any arbitration) shall be kept strictly confidential and shall not be disclosed or discussed with any person not a party to, or witness in, the arbitration; provided that a party may make such disclosures as are required by applicable law or legal process; provided further that a party may make such disclosures to its attorneys, accountants, investors or other agents and representatives who reasonably need to know the disclosed information in connection with any arbitration and who are obligated to keep such information confidential to the same extent as such party; and provided further a party may make such disclosures to the extent necessary to enforce any arbitration award. Nothing in this agreement limits, in any way, my right to pursue any ethical grievance against the Firm as permitted by applicable law. This provision will survive any

I also acknowledge that the Firm will deduct costs from my share of the recovery after the contingent fee has been calculated. I understand and agree that I am only obligated to pay costs if there is a recovery in this claim. Said costs shall include, but are not limited to, cash and non-cash expenditures for: investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services, and that such costs shall bear interest at the rate of 1.5% per month (or such lesser amount as may be the maximum amount permitted by applicable law, rule or regulation). In the event that the Firm withdraws from the case or in the event that this agreement is terminated, the Firm reserves the right to be reimbursed for said costs if a recovery is made by another firm.

Pursuant to Florida Rule of Professional Conduct Rule 4-1.5, the Firm will advance the costs of my case on my behalf. I will be responsible to reimburse the Firm for all reasonable costs spent in furtherance of my case in the event a recovery is made.

The Firm has my authorization and consent to employ and retain any other lawyer(s) as co-counsel, if, in the Firm's discretion, it deems such appointment to be beneficial to the case. I agree that the co-counsel will also have the right to represent me in the prosecution of my claims. However, the Firm will have responsibility for paying the co-counsel out of the fees identified above. It is understood that I have no other obligation to pay the co-counsel, but that any out-of-pocket expenses incurred by co-counsel shall be considered costs of litigation for which I am responsible. It is understood that the co-counsel will be available to me for consultation in this matter should I so desire, and co-counsel shall have the same legal responsibilities to me for the performance of legal services as the Firm.

This agreement does not obligate the Firm to file or prosecute an appeal from an adverse verdict, order or judgment entered in favor of any defendants.

Either at the commencement or during the course of the Firm's representation, the Firm may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated. Any such statement made by any attorneys of the Firm is intended to be an expression of opinion only, based on information available to the Firm at the time, and should not be construed as a promise or guarantee.

To secure the payment of the Firm's fees and costs incurred under the terms of this agreement, I hereby confer and grant a charging lien on my claim and any recovery in this case, and a retaining lien on the funds, property, files and records, as permitted by law, which will be deemed in force and perfected from the date of this agreement.

I agree that any claim against the Firm will be adjudicated on an individual basis. I waive the right to participate in a class, collective, representative or other joint action with respect to any such claim. This provision will survive any termination of this agreement.

The undersigned client has, before signing this contract, received and read the statement of

MORGAN & MORGAN

## AUTHORITY TO REPRESENT

I, the undersigned client, hereby retain MORGAN & MORGAN, P.A. (the "Firm") as my attorneys to represent me in my claim against any person or entity resulting from an incident or accident that occurred on or about 2024-04-15.

I agree to pay to the Firm the following fee from the total gross recovery:

(a) 33 1/3% of any recovery up to $1 million prior to filing suit and after suit is filed but before an answer is filed or demand for arbitration is made;
(b) 40% of any recovery up to $1 million after answer is filed or demand for arbitration is made;
(c) Plus, in each of (a) and (b), 30% of any recovery between $1-2 million;
(d) Plus, in each of (a) and (b), 20% of any recovery in excess of $2 million;
(e) If all defendants admit liability at the time of filing their answers and request a trial only on damages;
   (i) 33 1/3% of any recovery up to $1 million; plus
   (ii) 20% of any portion of the recovery between $1 million and $2 million; plus
   (iii) 15% of any portion of the recovery exceeding $2 million.
(f) An additional 5% of the total gross recovery (*i.e.*, including any and all damages and attorneys' fees recovered) received any time after the beginning of any appellate proceeding, regardless of the result, duration, or legal work involved in the appellate proceeding, or whatever is awarded by the Court, whatever is greater.
(g) In the event that my claim, or any portion thereof, is brought against a defendant or defendants whose liability is governed pursuant to the Federal Tort Claims Act, 28 U.S.C.A. 1346, attorneys' fees are limited to 25% of the total gross recovery as to those defendants; and
(h) In the event that my claim, or any portion thereof, is brought against a defendant or defendants whose liability is governed pursuant to Florida Statutes §768.28, attorneys' fees are limited to 25% of the total gross recovery as to those defendants.
(i) I understand that when appropriate the Firm may petition the court for approval to increase its fee to up to 40% of any recovery.

In the event attorneys' fees are recovered from any adverse party pursuant to any state or federal statute, the attorneys' fee shall be the greater of the negotiated or court-awarded fee or contingency fee stated above.

I understand that this is a contingent fee contract and, if no recovery is made, I will not be obligated to pay attorneys' fees or costs incurred. I agree that upon written notice, the Firm may terminate its representation under the terms of this agreement.

MORGAN & MORGAN

Thank you for choosing Morgan & Morgan.

You want a law firm with over 30 years of experience dealing with insurance companies and the resources needed to fight for you. Our law firm has helped thousands of individuals and recovered billions of dollars. We are excited to get started investigating your potential claim.

NEXT STEPS

1. Please read and sign where all signature fields are located. These documents will allow our attorneys and case staff to start investigating your case immediately.

AFTER YOU SIGN

Our lawyers and case staff will receive your file and start investigating your potential case.

1. Expect a call from our case staff within 24 business hours. If for some reason we are not able to reach you within two business days of you completing these documents, please contact us at (877) 293-0285.

2. You should collect any records related to your case. This could be insurance information, medical records, photographs and video or anything else that may be important.

Sincerely,

Morgan & Morgan, P.A.

Gmail

modern fam <modernfam2025@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, Jul 15, 2025 at 3:33 PM
To: modernfam2025@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1506 on August 17, 2023. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

****************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

Home

Search

Forms

Help

**Business** **UCC**

*responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.*

202032910

**Advanced**

**Results: 1**

| Entity Information | Initial Filing Date |
|---|---|
| RAY ADVERTISING LLC (202032910326) | 11/20/202 |

RAY ADVERTISING LLC (202032910326)

**Request Certificate**

| | |
|---|---|
| *Initial Filing Date* | **11/20/2020** |
| *Status* | **Active** |
| *Standing - SOS* | **Good** |
| *Standing - FTB* | **Good** |
| *Standing - Agent* | **Good** |
| *Standing - VCFCF* | **Good** |
| *Formed In* | **CALIFORNIA** |
| *Entity Type* | **Limited Liability Company - CA** |
| *Principal Address* | **1267 WILLIS ST STE 200 REDDING, CA 96001** |
| *Mailing Address* | **1267 WILLIS ST STE 200 REDDING,CA96001** |
| *Statement of Info Due Date* | **11/30/2026** |
| *Agent* | **Individual Ripon Kumar 1267 WILLIS ST STE 200 REDDING, CA 96001** |

**View History** **Request Access**

**Business** **UCC**

Home

Search

Forms

Help

*Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the* ***Advanced*** *search feature.*

***Advanced Search***

*An Advanced search is required when searching for publicly traded disclosure information or a status other than active.*

*An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.*

***Disclaimer:*** *Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.*

*Although every attempt has been made to ensure that the*

RAY ADVERTISING LLC (202032910326)

**Request Certificate**

| | |
|---|---|
| *Initial Filing Date* | **11/20/2020** |
| *Status* | **Active** |
| *Standing - SOS* | **Good** |
| *Standing - FTB* | **Good** |
| *Standing - Agent* | **Good** |
| *Standing - VCFCF* | **Good** |
| *Formed In* | **CALIFORNIA** |
| *Entity Type* | **Limited Liability Company - CA** |
| *Principal Address* | **1267 WILLIS ST STE 200<br>REDDING, CA 96001** |
| *Mailing Address* | **1267 WILLIS ST STE 200<br>REDDING,CA96001** |
| *Statement of Info Due Date* | **11/30/2026** |
| *Agent* | **Individual<br>Ripon Kumar<br>1267 WILLIS ST STE 200<br>REDDING, CA 96001** |

**View History** **Request Access**

California
Secretary of State

Business UCC

Login

Home

Search

Forms

Help

# Business Search

*The California Business Search provides access to available information for **corporations, limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

***Basic Search***

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic***

RAY ADVERTISING LLC (202032910326)

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 11/20/2020 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Limited Liability Company - CA |
| *Principal Address* | 1267 WILLIS ST STE 200<br>REDDING, CA 96001 |
| *Mailing Address* | 1267 WILLIS ST STE 200<br>REDDING,CA96001 |
| *Statement of Info Due Date* | 11/30/2026 |
| *Agent* | Individual<br>Ripon Kumar<br>1267 WILLIS ST STE 200<br>REDDING, CA 96001 |

View History

Request Access