UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOMMER SHERWOOD,
MAHDIABDUL WILKERSON,

      Plaintiffs,

v.                                 Case No.:  6:25-cv-02203-CEM-NWH

RAY ADVERTISING LLC,
MANAGING OFFICER RIPON
KUMAR, INDIVIDUALLY AND AS
MANAGING OFFICER OF RAY
ADVERTISING LLC;

      Defendants,

                                 /

**ORDER**

This matter is before the Court on Plaintiffs Sommer Sherwood and Mahdiabdul Wilkerson's Motion for Alternative Service of Process (Doc. 11) (the "Motion"). Plaintiffs, proceeding pro se, filed this action on November 18, 2025, against two Defendants: "Ray Advertising LLC [a/k/a] Ray's Advertising Inc., . . . a California limited liability company located at 1267 Willis Street, Suite 200, Redding, CA 96001" and "Ripon Kumar" the owner of Ray Advertising.[1] (Doc. 1, ¶¶ 3-4). Plaintiffs attempted service on both Defendants at the 1267 Willis Street address on two occasions, November 22 and 24, 2025. (Docs. 9, 10, 11). Both attempts were unsuccessful. According to the returns of non-service, the 1267 Willis Street address

_____

[1] No address is listed for Mr. Kumar in either the Complaint or the Motion. Instead, service was attempted on him at the alleged business location of Ray Advertising.

was previously used by a "registered agent service" but currently belongs to a law firm with no discernable relationship to the Defendants. (Docs. 9 and 10). Plaintiffs now ask this Court to authorize alternative service on both Defendants via U.S. mail, email address, and/or service through the California Secretary of State "or any other statutorily authorized agents for service of process for Ray Advertising LLC." (Doc. 11, ¶ 13).

Plaintiffs appear to seek alternative service under Fla. Stat. § 48.161. Section 48.161 permits substitute service only "after exercising due diligence to locate and effectuate personal service." Fla. Stat. § 48.161 (2). No such effort has been made here. The two service attempts indicated in the returns of service fall far short of the due diligence required to justify substitute service under section 48.161. *See e.g., Panamerica Trade, Inc. v. Food Serv. Gaskets, LLC,* No. 3:25-CV-473-MMH-SJH, 2025 WL 2615312, at *1 (M.D. Fla. Sept. 10, 2025) (explaining that "[p]laintiff has not attempted to discuss or show that [p]laintiff [m]ade diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service." (citations and quotation marks omitted)). Among other issues, the Motion does not explain what, if any, efforts were made to determine an appropriate address for either Defendant, or why personal service on Mr. Kumar was appropriate at a business address rather than his "usual place of abode." Fla. Stat. § 48.031.

It is therefore,

**ORDERED** that Plaintiffs' Motion for Alternative Service is **DENIED.**

**DONE and ORDERED** in Orlando, Florida on January 28, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

3